PENDLETON, President,
delivered the resolution of the Court as follows:
This was an ejectment brought in the District Court of Accomack, by Watson against Powell, for 13 acres of land in that county; in which there is a special verdict, stating, that Levy Watson being seised in fee of the lands in question, and having no other visible property, made his will, in 1776; wherein, after declaring in the preamble. that he thought it suitable to settle his affairs and all this his temporal estate, which he wills and requires shall be in manner following : He devises the land in question, with two small sums of money, to his sister Rosy Watson, and made no other bequest. That he died without issue, and the plaintiff *is his nephew and heir at law. That Rosy Watson, the devisee, intermarried with Littleton Addison, and with her husband, by deed in 1782, conve3red the land to Amos Underhill, under whom the defendant claims. Upon this verdict the District Court gave judgment for the defendants, and to that judgment there is a supersedeas.
Although there are no words of limitation in the devise, yet it has been decided in this Court, conformably to modern decisions in England, that the word estate in the preamble, shall be incorporated in the devise, and pass a fee. In Kennon v. M’Roberts et ux. [1 Wash. 96,] I delivered my opinion fully on this point, the other Judges suspended theirs as unnecessary, all concurring in opinion that the residuarj’ clause in that will did not comprehend the reversions, if there were any; but subsequent judgments have confirmed the opinion I then delivered, on that point; which is considered as settled ; and on that ground, there is no error in the judgment.
We discover an apparent defect in the defendant’s title, as Rosy Addison does not appear to have been privily examined. This, however, may not be real, (since the Clerk’s certificate of the probat is not annexed to the deed;) but whether so or not, is of no importance, upon this verdict, as the lessor of the plaintiff, who must recover upon the strength of his own title, is not stated to be heir at law to Rosy; who, for any thing which appears to the contrary, may have left children. Upon the whole, the judgment is affirmed.